# BORRELLI & ASSOCIATES
## P.L.L.C.

www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 1010 Northern Boulevard |
| Suite 1821 | Suite 328 |
| New York, NY 10017 | Great Neck, NY 11021 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

October 1, 2015

*Via Electronic Case Filing*
The Honorable Viktor V. Pohorelsky
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Huang v. Lin, et al.,*
       *Case No.: 14-CV-7204 (RJD)(VVP)*

Dear Judge Pohorelsky:

We represent the Plaintiff, Dan Huang, in the above-referenced action in which she asserts wage and hour claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and gender discrimination claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the New York City Human Rights Law ("NYCHRL"). We write now pursuant to Local Rule 37.3 and the Court's August 28, 2015 Order, requiring that the parties file all discovery motions by no later than October 1, 2015, seeking an order compelling Defendants Shao Yu Lin, Walind Home Design, Inc., and Waland Trading Corp., (collectively as "Defendants"), to provide responses to request Numbers 27 through 32, contained in Plaintiff's Second Request for Production of Documents, served on Defendants on September 2, 2015, and to which Defendants have not responded to date. These requests are attached hereto as Exhibit A. Prior to filing this motion, the undersigned emailed Defendants' counsel on September 24 and 25, 2015, seeking an update on when Defendants would be providing responses. Counsel responded on September 25, 2015, stating that Defendants needed more time, without specifying a date by when they would be responding.

Therefore, in light of the Court's August 28 Order requiring that all discovery motions be filed by no later than October 1, 2015, Plaintiff hereby seeks a Court Order compelling the foregoing responses by a date certain.

In Request No. 27, Plaintiff seeks all electronically stored information of Defendants' payroll records, including metadata, for the relevant period of the Plaintiff's employment with Defendants. This information is extremely relevant in light of the Defendants' production of paystubs for the Plaintiff, despite Plaintiff's allegations that she never received a paystub from the Defendants during the entirety of her employment with Defendants. Defendants did not object to the discovery request, but have not provided any response to the request to date.

In Request No. 28, Plaintiff seeks all documents referring to, relating to, or reflecting the total hours worked each workweek by Plaintiff during the Plaintiff's relevant employment period with Defendants. This is especially relevant considering that Defendants' claim to have a time clock in their responses to Plaintiff's First Request for Admissions, Nos. 20 and 21, but failed to produce any relevant time records for the Plaintiff. Defendants did not object to the discovery request, but have not provided any response to the request to date.

In Request No. 29, Plaintiff seeks all documents including receipts, invoices and bank statements that reflect the cash payments Defendants made to Plaintiff during her employment. This is relevant because the Defendants claim that they paid Plaintiff the exact amount specified in the paystubs that they contend they provided to the Plaintiff. Plaintiff alleges that Defendants paid her certain amounts on a monthly basis, completely different from the amount shown on Defendants' paystubs. Defendants did not object to the discovery request, but have not provided any response to the request to date.

In Request No. 30, Plaintiff seeks all documents consisting, containing or evidencing any investigations, rulings, decisions or opinions rendered by any federal or state court or administrative agency, relating to the issue of whether Defendants paid Plaintiff in compliance with federal and state laws. This information is relevant to ascertain whether Defendants willfully failed to comply with the federal and state wage laws regarding their payment practices. Defendants did not object to the discovery request, but have not provided any response to the request to date.

Request No. 31 seeks all documents, communications and electronic mail relating to any decisions and/or discussions by Defendants regarding the compensation paid to or hours worked by Plaintiff. This information is relevant because the discovery of such information will provide details regarding the methods used by Defendants to pay Plaintiff, and the hours that the Plaintiff worked, which are wholly in dispute in this matter. Defendants did not object to the discovery request, but have not provided any response to the request to date.

Request No. 32 seeks all documents, communications and electronic mail relating to any decisions and/or discussions by Defendants regarding the hours Plaintiff was scheduled and/or expected to work. Again, this request seeks relevant information concerning the hours that Defendants required Plaintiff to work. Defendants did not object to the discovery request, but have not provided any response to the request to date.

We thank the Court for its attention to this matter.

Respectfully,

Jeffrey R. Maguire, Esq.
For the Firm

C: Daniel L. Millman, Esq. (via ECF)

3