UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
DAN HUANG,

                              Plaintiff,

- against -

SHAO YU LIN, WALIND HOME DESIGN
INC. and WALAND TRADING CORP.,

                              Defendants.
----------------------------------------------------------- x

**MEMORANDUM & ORDER**

14 CV 7204 (RJD) (PK)

DEARIE, District Judge:

Plaintiff brings, *inter alia*, wage and hour claims against her former employers under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, and state law. On April 8, 2016, Magistrate Judge Kuo imposed sanctions against defendants and defense counsel in the form of attorneys' fees (the "Sanctions Order"). Defendants object to the Sanctions Order and ask this Court to set it aside. While this Court wholeheartedly embraces Judge Kuo's findings regarding this matter, the Court finds that under the circumstances presented, a sanction in the form of attorneys' fees is not authorized. The Court reluctantly sustains defendants' objections and vacates the Sanctions Order.

## BACKGROUND

Plaintiff brought this action on December 10, 2014, against her former employers, defendants Shao Yu Lin, Walind Home Design Inc., and Waland Trading Corp. During discovery, a dispute arose over documents defendants produced with their initial disclosures that purported to be weekly pay statements covering plaintiff's employment from December 2013 to August 2014. Plaintiff questioned the authenticity of these pay statements and served defendants with a request for electronically stored information ("metadata") related to the documents,

intending to use the metadata to prove that the pay statements had been created after the fact for the purpose of defeating plaintiff's wage claims. Defendants objected to the request, arguing that production of the metadata was unnecessary. After several more requests for the metadata and meetings regarding the same, plaintiff filed a motion to compel production of the requested information. Defendants filed a cross-motion for a protective order.

On January 7, 2016, Magistrate Judge Kuo heard oral argument and granted plaintiff's motion to compel production of the metadata; specifically, metadata showing when the pay statements were created and modified. Judge Kuo initially set a deadline of February 18, 2016, to produce the metadata, but later granted defendants' request to extend the deadline to March 10, 2016.

On the deadline for production of the metadata, defendants' former counsel, Daniel Millman,[1] provided a letter to plaintiff's counsel stating that defendants were unable to retrieve the metadata. Mr. Millman further stated, however, that the metadata was likely irrelevant because counsel had learned, "much to [his] dismay," that the pay statements had, in fact, been created after the commencement of this lawsuit.

On March 21, 2016, plaintiff filed a motion for sanctions, arguing that defendants had committed a fraud upon the court. In their opposition, defendants again admitted that the paystubs had been created after the fact. Mr. Millman argued, however, that he had simply made an honest mistake in thinking the pay statements had been created contemporaneously, only to later learn this was not the case.

---

[1] On September 5, 2016, Mr. Millman, on behalf of the Law Offices of Brian Shengjin Yang, filed a motion to withdraw as counsel for defendants, citing, *inter alia*, a complete breakdown of the attorney-client relationship. Judge Kuo granted the motion on September 20, 2016, and gave any new attorneys which defendants may hire until November 21, 2016, to file notices of appearance.

Judge Kuo heard argument on the motion on April 8, 2016. During the hearing, Judge Kuo found that defendants and defense counsel had acted improperly, in that (1) defendants created the pay statements after the fact and handled them over to counsel without explanation, and (2) the first time defense counsel asked his client about the authenticity of the documents was after the Court denied defendants' motion for a productive order. Judge Kuo stated that defense counsel clearly should have inquired as to the authenticity of the documents sooner—if not when he originally received them, then certainly once plaintiff had specifically questioned the authenticity of the documents. Judge Kuo did not go so far as to find that this behavior rose to the level of fraud upon the court—accepting counsel's representation that he made an honest mistake and making no finding regarding the intention of defendants—but she did find that this behavior resulted in counsel for plaintiff having to expend unnecessary time and resources. As such, Judge Kuo sanctioned defendants and defense counsel in the form of attorneys' fees associated with litigating this issue. Defendants now object to the imposition of those sanctions.

## DISCUSSION

Defendants argue that the Sanctions Order is not authorized under any recognized exception—including the Court's inherent powers, 28 U.S.C. § 1927, Federal Rule of Civil Procedure ("FRCP") 11, or FRCP 37—to the general rule that each party bears its own attorneys' fees. Defs.' Objs. & Resp. Magistrate's Order Imposing Sanctions ("Defs.' Mem.") at 7-13, ECF No. 34. Defendants further argue that the Sanctions Order was issued in violation of defendants' due process rights. Id. at 13-14. Plaintiff does not attempt to defend the Sanctions Order under 28 U.S.C. § 1927, FRCP 11, or FRCP 37—and this Court agrees that none of those provisions is applicable here—but he does argue that (a) the court has the inherent power to sanction defendants and (b) Judge Kuo did not violate defendants' due process rights. Pl.'s

3

Mem. Law Opp'n Defs.' Obj. Magistrate Judge Kuo's Apr. 8, 2016 Order Sanctions ("Pl.'s Mem.") at 6-14, ECF No. 36.

Generally, a sanction in the form of attorney's fees is permitted under the court's inherent power only where the court finds that the sanctioned party acted in bad faith. See Wilson v. Citigroup, N.A., 702 F.3d 720, 724 (2d Cir. 2012) ("Our case law is clear that a district court may not impose attorney's fees as a sanction [under the court's inherent power] without first making an explicit finding that the sanctioned party, whether a party or a party's counsel, acted in bad faith in engaging in the sanctionable conduct."). The Second Circuit has "declined to uphold awards under the bad-faith exception absent . . . clear evidence that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes." Id. (second alteration in original) (quoting Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986)).[2]

Judge Kuo found that defendants' and defense counsel's conduct was improper. Judge Kuo stopped short, however, of finding that their conduct rose to the level of fraud upon the court, accepting counsel's representation that he made an honest mistake and making no finding regarding the intention of defendants. During oral argument, Mr. Millman and the Court had the following exchange:

> Mr. Millman: [J]ust so we could be clear, your Honor, the Court has made no finding of willfulness, of intent to deceive or fraud on the part of counsel.

---

[2] An award of sanctions under 28 U.S.C. § 1927 similarly requires a finding of bad faith. See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991) ("Bad faith is the touchstone of an award under [28 U.S.C. § 1927]."); Mahoney v. Yamaha Motor Corp. U.S.A., 290 F.R.D. 363, 367 (E.D.N.Y. 2013) ("[T]o impose sanctions under § 1927, the court must make a finding of 'conduct constituting or akin to bad faith.'" (quoting In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 115 (2d Cir. 2000))).

> The Court: I am not finding that which is why I am not finding that there's fraud on the Court, all right? I mean, I am accepting that, Mr. Millman, your representation that it was in error, but there was no intention. And I am not making any finding at this point, as far as what your client was intending to do . . .

Tr. Oral Arg. at 15, ECF No. 33. Thus, it is apparent that Judge Kuo made no finding that defendants' or defense counsel's actions were taken "for reasons of harassment or delay or for other improper purposes."

It is true, as plaintiff argues, see Pl.'s Mem. at 12-13, that the Second Circuit has carved out a limited exception to the bad faith requirement. In <u>United States v. Seltzer</u>, 227 F.3d 36 (2d Cir. 2000), the Court stated the following:

> Our opinion today therefore is intended to clarify the circumstances under which a district court has the power to sanction pursuant to its inherent authority without a finding of bad faith. When a district court invokes its inherent power to impose attorney's fees or to punish behavior by an attorney in the actions that led to the lawsuit or conduct of the litigation, which actions are taken on behalf of a client, the district court must make an explicit finding of bad faith. But, when the district court invokes its inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit, the district court need not find bad faith before imposing a sanction under its inherent power.

<u>Id.</u> at 41-42 (internal quotation marks and citations omitted). This exception, however, does not apply here, as there is no evidence that defense counsel violated a court order or engaged in other misconduct *that was not undertaken for the client's benefit.*

This Court agrees with Judge Kuo's analysis of this matter. Indeed, this Court is troubled by defense counsel's conduct. Nevertheless, given that there has been no finding of bad faith— and this Court agrees that the record does not support such a finding—sanctions in the form of attorney's fees are not authorized under the Court's inherent power. See <u>Mahoney</u>, 290 F.R.D. at 369-70 ("This Court finds no clear evidence that [counsel] acted in bad faith in filing the

complaint or proceeding with the litigation. . . . There is little dispute that [counsel] should have reasonably determined that his client's claim was meritless based on the information he was given. . . . [Nevertheless], this Court finds that [counsel] did not file his complaint, while seemingly meritless, for 'purpose of delay or harassment.'"). The Court, therefore, sustains defendants' objections and vacates the Sanctions Order.[3]

## CONCLUSION

While the Court embraces Judge Kuo's findings, it finds that under the circumstances presented here, a sanction in the form of attorneys' fees is not authorized. It therefore sustains defendants' objections and vacates the Sanctions Order.

SO ORDERED.

Dated: Brooklyn, New York
November 23, 2016

s/ RJD

RAYMOND J. DEARIE
United States District Judge

---

[3] Given the Court's ruling, it need not address defendants' due process argument.