UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
DAN HUANG,                                              :
                                                        :         **OPINION AND ORDER**
                           Plaintiff,                   :
                                                        :         14-CV-7204 (PK)
              -against-                                 :
                                                        :
SHAO YU LIN, MONICA WANG, WALIND                        :
HOME DESIGN INC., and WALAND                            :
TRADING CORP.,                                          :
                                                        :
                           Defendants.                  :
------------------------------------------------------------ x

**Peggy Kuo, United States Magistrate Judge:**

      Plaintiff Dan Huang filed this action on December 10, 2014, alleging assault and battery, as well as violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; New York Labor Law ("NYLL") §§ 650 *et seq.*; New York Codes, Rules, and Regulations; New York State Human Rights Law; and New York City Human Rights Law. (*See* Compl., Dkt. 1; Am. Compl., Dkt. 48.) Plaintiff alleged in the Amended Complaint that Defendants Walind Home Design Inc., Waland Trading Corp., Monica Wang, and Shao Yu Lin assaulted her, subjected her to sexual harassment and discrimination, created a hostile work environment, and failed to pay her minimum wage, overtime pay, and spread-of-hours premiums. (*Id.*)

      Because Plaintiff has failed to prosecute the action, the action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

      Plaintiff worked as a salesperson for Defendants from late 2013 to mid-2014. (*See* Am. Compl.) She asserted in the Amended Complaint that over the course of her employment, Defendants sexually harassed her and subjected her to "a hostile and intimidating work

1

environment" based on her gender; the alleged harassment culminated in a violent incident in which Defendant Lin struck her in the face, resulting in her hospitalization. (*Id.* ¶¶ 26-40.) Plaintiff subsequently obtained a temporary restraining order against Defendant Lin. (*Id.* ¶ 38.)

Plaintiff brought claims for hostile work environment under Title VII and New York State and City Human Rights Law, negligent and intentional infliction of emotional distress, and assault and battery. (*Id.* at 7-10.) She also brought claims under the FLSA and NYLL for failure to pay minimum wage, overtime, and spread-of-hours pay, and pay rate and record keeping violations. (*Id.* at 10-14.) Defendants answered the Complaint in January 2015, and an initial conference was held before Magistrate Judge Viktor Pohorelsky in March 2015. (*See* Answer, Dkt. 9; March 5, 2015 Mins., Dkt. 13.) Plaintiff's counsel filed a motion to withdraw in May 2015, which the Court granted, and Plaintiff's incoming counsel noticed their appearances in July 2015. (*See* Dkt. 17; June 26, 2015 Mins., Dkt. 19; Dkts. 20-22.) In October 2015, the matter was reassigned to the undersigned.

The parties engaged in discovery throughout 2015 and 2016, filing discovery motions and appearing in conferences before the Court. On April 27, 2017, Plaintiff's counsel informed the Court that they had been unable to contact Plaintiff since November 2016 "[d]espite multiple attempts, including the use of a private investigator's services." (*See* April 27, 2017 Status Report, Dkt. 59.) Counsel requested that the Court give Plaintiff until May 26, 2017 to contact her counsel, advising the Court that they would file a motion to withdraw if she failed to do so. (*Id.*) The Court directed the parties to file a joint status report by May 26, 2017 addressing "whether Plaintiff's counsel has made contact with Plaintiff." (May 1, 2017 Order.) In the subsequent status report, Plaintiff's counsel confirmed their "continued failure to make any contact with Plaintiff, despite multiple efforts and various methods," and requested an extension until June 9, 2017 to submit a motion to withdraw as counsel. (May 26, 2017 Status Report, Dkt. 61.) The Court granted the

request. (*See* May 30, 2017 Order.) On June 9, 2017, the parties consented to the undersigned's jurisdiction and Plaintiff's counsel filed the motion to withdraw. The Court ordered Plaintiff to attend a hearing on the motion scheduled for June 30, 2017. (*See* June 9, 2017 Order.)

When Plaintiff failed to appear at the hearing, the Court granted the motion to withdraw, "finding good cause based on a breakdown in Plaintiff's attorney-client relationship with [her counsel]." (June 30, 2017 Mins.) The Court directed Plaintiff "to retain new counsel, who shall notice their appearance, or [to] file a letter with the Court if [Plaintiff] intends to proceed *pro se*, by August 30, 2017." (*Id.*) Plaintiff was warned that "[f]ailure to do so may result in a dismissal of this matter for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." (*Id.*) The Court mailed a copy of the Minute Order to Plaintiff's address.

No new counsel appeared and Plaintiff did not file any letter with the Court. On September 6, 2017, the Court ordered Plaintiff to file a letter by September 20, 2017 "addressing whether she has retained counsel or will proceed *pro se*," again noting that "[f]ailure to do so may result in a dismissal of this matter for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." (*See* September 6, 2017 Order.) The Court mailed a copy of the Order to Plaintiff but it was returned as undeliverable on November 22, 2017. (*See* Dkt. 66.)

## **DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss an action based on the plaintiff's failure to prosecute. Even where, as here, a defendant has not moved for dismissal, the Court has "unquestioned" authority to order dismissal on this basis *sua sponte*. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In deciding whether to dismiss for failure to prosecute, courts assess the following factors, none of which is dispositive on its own:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a

3

>balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Courts have dismissed for failure to prosecute where, for example, counsel was unable to contact plaintiff for an extended period or plaintiff failed to comply with court orders. *See Kenny v. Potter*, No. 05-CV-1415 (KAM)(JMA), 2011 WL 613346, at *3 (E.D.N.Y. Jan. 24, 2011) (dismissing after "six months of inactivity on the docket" and where plaintiff's counsel could not contact plaintiff), *R&R adopted*, 2011 WL 646919 (E.D.N.Y. Feb. 11, 2011); *Rafaniello v. Travelers Cas. Co.*, No. 14-CV-3385 (NGG)(MDG), 2016 WL 4991544, at *2 (E.D.N.Y. Feb. 22, 2016) (dismissing where plaintiffs "have not filed any documents or taken any action indicating any interest in pursuing [their] claims" despite multiple orders), *R&R adopted*, 2016 WL 5061112 (E.D.N.Y. Sept. 16, 2016); *Robinson v. Sposato*, No. 13-CV-3334 (JFB)(WDW), 2014 WL 1699001, at *2 (E.D.N.Y. Apr. 24, 2014) (dismissing where plaintiff failed to "timely file a new complaint, as directed by the Court, or otherwise communicate[ ] with the Court").

The Court finds that dismissal is warranted here. Plaintiff has not responded to her counsel since November 2016 and has not complied with multiple court orders entered since June 2017; as a result, the case has lain dormant. The Court repeatedly notified Plaintiff that failure to retain counsel or proceed *pro se* could result in dismissal for failure to prosecute. (*See* June 30, 2017 Mins.; September 6, 2017 Order.) In light of Plaintiff's unexplained, prolonged disappearance from this action, prejudice to Defendants "may be presumed." *Parker v. City of New York*, No. 14-CV-7546 (MKB)(MDG), 2015 WL 7566296, at *2 (E.D.N.Y. Nov. 4, 2015), *R&R adopted*, 2015 WL 7568643 (E.D.N.Y. Nov. 24, 2015). The balance of the Court's interest in maintaining judicial economy and Plaintiff's interest in receiving further opportunities to be heard weighs in favor of dismissal. The Court finds that lesser sanctions would not be effective in light of these circumstances.

However, the Court dismisses Plaintiff's claims without prejudice in order to preserve her right to file a new action in pursuit of her claims.

## **CONCLUSION**

For the foregoing reasons, this action is dismissed without prejudice.

Dated:  Brooklyn, New York  
       March 12, 2018

SO ORDERED:

*Peggy Kuo*

PEGGY KUO  
United States Magistrate Judge